UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 16-00064-TLM |
| SAITO BROS, INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JANINE P. REYNARD, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 16-06004-TLM |
| ) | |
| MARK B. PERRY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION**
_____

Though the bankruptcy case of Saito Bros, Inc. ("Debtor") commenced as a chapter 11 reorganization, it was converted to a chapter 7 liquidation. Janine Reynard ("Trustee") was appointed as the interim trustee.

Prior to conversion, secured creditor Mark B. Perry ("Perry") filed a motion for relief from the § 362(a) stay regarding real property located in Washington County, Idaho. Trustee's opposition to entry of an order on Perry's motion was heard on March 14, 2016, and overruled by the Court's March 16 Summary Decision, Doc. No. 58. The Court ruled therein that the automatic stay had

MEMORANDUM OF DECISION - 1

terminated under § 362(e). An order consistent with this Decision was entered on March 17. Doc. No. 61.

The Decision noted that Trustee effectively conceded grounds for relief under § 362(d)(2)(A) and (B), *i.e.*, a lack of equity in the property and a lack of necessity for reorganization given that the case was now in liquidation. Further, in connection with Trustee's argument that a potential sale of the fully encumbered property might be possible with a "carve out" for unsecured creditors by potential agreement with a secured creditor junior to Perry, the Decision observed that Trustee was put in the position of having to negotiate with Perry and had to do so in light of the stay's termination. Doc. No. 58 at 4.

Trustee's subsequent submissions, all filed on March 30, indicated she reached a carve out agreement with the junior secured creditor. Trustee also obtained a purchase offer from a third party. *See* Doc. Nos. 66, 67 (motion and notice of sale); 71 (junior creditor's non-opposition to sale and consent to carve out). In a motion seeking to shorten the required notice period for such a sale, Trustee acknowledged she had yet to reach agreement with Perry as to his postponement of a scheduled April 5 foreclosure sale. Doc. No. 69.

Trustee then, later on March 30, filed the complaint initiating this adversary proceeding. Adv. Doc. No. 1. Trustee also filed a motion for a temporary restraining order and preliminary injunction, Adv. Doc. No. 2 ("TRO Motion"), seeking to enjoin Perry's foreclosure sale pending Trustee's proposed sale.

MEMORANDUM OF DECISION - 2

Having presided over this case throughout and having again reviewed the entire record before it, the Court finds the relevant facts and legal arguments are adequately presented. Thus, given the nature of the matters presented and in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the present matters will be decided without hearing.

The Court expressly and unambiguously ruled in its March 16 Summary Decision that the stay enjoining Perry's pursuit of foreclosure of his secured claim had terminated and entered an Order to that very effect on March 17. Having lost the injunctive effect of § 362(d), Trustee's TRO Motion asks now for a new injunction—effectively a new stay.

This Court has clearly held that reinstating a terminated automatic stay is improper. *In re Wallace*, 2012 WL 202586, *1–2 (Bankr. D. Idaho Jan. 24, 2012) (citing *In re AICO Recreational Props., LLC* (2003 WL 1964190, *6 (Bankr. D. Idaho Apr. 11, 2003), and *In re Foldesi Family Land Trust #3*, 2003 WL 25273865, *4 (Bankr. D. Idaho Feb. 28, 2003)); *In re Jennings*, 2003 WL 25273845 (Bankr. D. Idaho Aug. 19, 2003).

However, *Wallace* mentioned that imposition of a "new stay" or similar injunctive order against a creditor may be possible but would require compliance with Rules 7001 and 7065. *Id.* at *2. While Trustee has here, unlike Wallace, met those procedural thresholds, the Court nevertheless finds that the merits of the

MEMORANDUM OF DECISION - 3

request are lacking.

This property is fully encumbered. There is no reorganization. In the March 16 Summary Decision, the Court recognized that stay relief would have been proper even if the stay had not already terminated on February 26, which it had. Trustee already presented the Court with arguments as to why Perry should be restrained (even though, in Trustee's view, briefly and without significant injury) so that Trustee could try to benefit unsecured creditors by turning dross into gold via a carve out agreement. Those arguments and that specific proposal were rejected by the Court, and the Trustee's opposition to entry of a stay relief order was unambiguously overruled.

The TRO Motion asks the Court to do in another guise what it already expressly and intentionally declined to do. As before, Trustee is faced (through no fault of her own) with the need to negotiate with Perry and convince him that a delay of the foreclosure will be in his interest as well as those of other creditors.

The Court concludes no new, meritorious arguments have been presented. The TRO Motion will be denied, and the Court will enter an order accordingly.

DATED: March 31, 2016

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 4